IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GREGORY A. WINSTON,**

      **Plaintiff,**

v.                                          Case No. 3:22-cv-00364

**WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
WESTERN REGIONAL JAIL;
BETSY JIVIDEN; CARL ALDRIDGE; and
J. MOORE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 7). Having considered the motion, the Court **DENIES** same. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its

discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel, because he has been unable to find a lawyer to take his case, he has limited access to a library, and because the issues are complex and require investigation. Unfortunately, these circumstances are not exceptional given that many indigent civil litigants are unrepresented and incarcerated with limited access to a library. Furthermore, the undersigned has examined the complaint and the motion for appointment of counsel, and both documents are well-written and clear. Despite Plaintiff's belief to the contrary, the facts and legal issues underlying his claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. Therefore, without a particular showing of need, the inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance."). Should circumstances change in the future, the matter of the appointment of counsel can be reassessed.  It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** August 31, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge