IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GREGORY A. WINSTON,**

    **Plaintiff,**

v.                                                                                                     **Case No. 3:22-cv-00364**

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for Court to Stop Automatic Withdrawal of Filing Fee. (ECF No. 39). Because this case has been closed, and the issue is a matter of well-established law, additional briefing is not required. For the reasons that follow, the Court **DENIES** the motion.

### I. Relevant History

On August 29, 2022, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, asserting that the defendants were wrongfully withholding religious materials Plaintiff had ordered from various sources. (ECF No. 3). On the same day, Plaintiff submitted an Application to Proceed Without Prepayment of Fees and Costs pursuant to 28 U.S.C. § 1915. (ECF No. 1). On August 30, 2022, the Court granted the Application and ordered Plaintiff to pay an initial filing fee of $10.00. (ECF No. 6). The Order explained to Plaintiff that the remainder of the fee would be taken in installments from his prisoner account each time the balance in the account exceeded $10.00, until the full $350.00 filing fee was paid. (*Id.*). Plaintiff paid the initial filing fee on December 8, 2022, and summonses

1

were issued. (ECF Nos. 14, 16 through 21). Plaintiff was again advised that money would be taken from his prisoner account on a regular basis until the full filing fee of $350.00 was paid. (ECF No. 15 at 1-2).

The defendants filed an answer to the complaint, and a Scheduling Conference was held in March 2023. (ECF Nos. 29, 31, 32). In April 2023, Plaintiff asked the Court to grant a voluntary dismissal of his complaint. (ECF No. 34). Defendants did not object to the dismissal, (ECF No. 35); therefore, an Order was entered on April 20, 2023 dismissing the case, without prejudice. (ECF No. 36). On February 15, 2024, Plaintiff filed the instant motion asking the Court to stop the withdrawals from his prisoner account, which are sent to the Clerk of Court to pay the remainder of the filing fee. (ECF No. 39).

## II. Discussion

Title 28 U.S.C. § 1915 allows any court of the United States to authorize commencement of a civil action without prepayment of the filing fee upon the affidavit of a prisoner attesting to the fact that the prisoner cannot afford to pay the fee upfront. *See* 28 U.S.C. § 1915(a). In other words, the prisoner is permitted to proceed with the civil action *in forma pauperis*. The statute clarifies, however, that even though the prisoner is not required to pay the fee in full upfront, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required** to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). The statute provides a formula by which funds may be withdrawn from the prisoner's account until the fee is paid. Notwithstanding any filing fee that has been paid, the court may dismiss the complaint at any time.

The language of 28 U.S.C. § 1915(b)(1) is mandatory. Accordingly, courts across the country have held that once the Application is granted and the action is commenced,

the prisoner is responsible for the filing fee regardless of the outcome of the case. *See, e.g., Folk v. Prime Care Medical,* No. 22-3293, 2023 WL 3790751, at * 1 (3rd Cir. Apr. 18, 2023) (affirming the district court's refusal to refund fees, explaining that "courts do not have the authority to waive or refund fees" under § 1915); *Gibson v. Yaw,* No. 1:22-CV-773, 2023 WL 2837200, at *1 (S.D. Ohio Apr. 7, 2023) (holding that the court has no authority under the statute to waive filing fees); *Zuniga-Mejia v. Thomas,* No. 5:22-CV-TKW-MJF, 2022 WL 4803170, at *3 (N.D. Fla. Aug. 9, 2022) (holding that § 1915(b)(1) clearly requires prisoner-litigants to pay the full filing fee each time they commence a lawsuit, "even if that is done in installments".); *Fields v. U.S. District Court,* 4:22-CV-00454, 2022 WL 21758298, at *1 (M.D. Pa. Jun. 17, 2022) ("Filing fees cover some of the costs associated with opening a case, and they serve to deter frivolous filings. … The purpose of the fee requirement is to provide incentives to stop and think before filing suit.") (citations and markings omitted); *Barnes v. Rodriguez v. Diaz,* No. 1:19-cv-01118-AWI-JDP, 2020 WL 1433005, at *1 (E.D. Cal. Mar. 24, 2020) (holding that the fee requirement is triggered by bringing the action, not by continuing it); *Vidal v. Annucci,* No. 919CV0429GLSDJS, 2019 WL 13465758, at *10 (N.D.N.Y Nov. 13, 2019) (holding that the court has no discretion to waive or reduce the filing fee as "the statute mandates that any prisoner proceeding in an action IFP … pay the full filing fee"); *Morrison v. United States,* No. 3:05-cv-01387-AS, 2013 WL 12407195, at *1 (D. Or. Apr. 9, 2013) ("Plaintiff cites no authority and the Court could locate none for the proposition that the fee [may] be excused or otherwise set aside following the dismissal of the action."); *Hennepin Cnty. Dist. Attorney's Off.,* 364 Fed. Appx. 301, 302 (8th Cir. 2010) ("[A]n appellate court has no authority to waive in forma pauperis fees."); *Shivers v. Phoenix Police Dept.,* No. CV 10-1175-PHX-GMS (JRI), 2010 WL 3613860, at *1 (D. Ariz. Sept. 8,

2010) ("Plaintiff became liable for the filing fee upon the filing of his Complaint in this case. ... The subsequent voluntary dismissal of this action does not absolve him of the obligation and § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay the filing fee in full."); *Malone v. Miller-Stout,* No. C08-5375BHS, 2008 WL 4154561, at *1 (W.D. Wash. Sept. 2, 2008) (holding that a prisoner is statutorily required to pay the fee and the plaintiff offers no authority to the contrary); *Goins v. Decaro,* 241 F.3d. 260, 261-62 (2d Cir. 2001) (finding that the statutory refusal to cancel the fee requirement serves the purpose of obliging prisoners to pause before filing a suit).

As indicated in the above cases, this Court lacks authority to waive or excuse the filing fee, because the statute requires the fee to be paid in full and provides no other options. Consequently, although the Court understands Plaintiff's desire to have the withdrawals from his account stopped, his request must be denied. It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to Plaintiff and to counsel of record.

**ENTERED:** February 20, 2024

Cheryl A. Eifert
United States Magistrate Judge