IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GREGORY A. WINSTON,

     **Plaintiff,**

v.                                    **Case No. 3:22-cv-00364**

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Stop Payment of Costs. (ECF No. 43). Because this case has been closed, and the issue is a matter of well-established law, additional briefing is not required. For the reasons that follow, the Court **DENIES** the motion.

Plaintiff asks the Court to stop "payment of costs." Plaintiff was not assessed any costs in this case; instead, he has been repaying the filing fee. As the Court previously explained to Plaintiff when he filed a similar motion, (ECF No. 39), 28 U.S.C. § 1915 allows any court of the United States to authorize commencement of a civil action without prepayment of the filing fee upon the affidavit of a prisoner attesting to the fact that the prisoner cannot afford to pay the fee upfront. *See* 28 U.S.C. § 1915(a). The statute clarifies, however, that even though the prisoner is not required to pay the fee in full upfront, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required** to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). The statute provides a formula by which funds may be withdrawn from the prisoner's account until the fee is paid. Notwithstanding any filing fee that has been paid, the court

may dismiss the complaint at any time.

The language of 28 U.S.C. § 1915(b)(1) is mandatory. Accordingly, courts across the country have held that once the Application is granted and the action is commenced, the prisoner is responsible for the filing fee regardless of the outcome of the case. *See, e.g., Folk v. Prime Care Medical,* No. 22-3293, 2023 WL 3790751, at * 1 (3rd Cir. Apr. 18, 2023) (affirming the district court's refusal to refund fees, explaining that "courts do not have the authority to waive or refund fees" under § 1915); *Gibson v. Yaw,* No. 1:22-CV-773, 2023 WL 2837200, at *1 (S.D. Ohio Apr. 7, 2023) (holding that the court has no authority under the statute to waive filing fees); *Zuniga-Mejia v. Thomas,* No. 5:22-CV-TKW-MJF, 2022 WL 4803170, at *3 (N.D. Fla. Aug. 9, 2022) (holding that § 1915(b)(1) clearly requires prisoner-litigants to pay the full filing fee each time they commence a lawsuit, "even if that is done in installments".); *Fields v. U.S. District Court,* 4:22-CV-00454, 2022 WL 21758298, at *1 (M.D. Pa. Jun. 17, 2022) ("Filing fees cover some of the costs associated with opening a case, and they serve to deter frivolous filings. ... The purpose of the fee requirement is to provide incentives to stop and think before filing suit.") (citations and markings omitted); *Barnes v. Rodriguez v. Diaz,* No. 1:19-cv-01118-AWI-JDP, 2020 WL 1433005, at *1 (E.D. Cal. Mar. 24, 2020) (holding that the fee requirement is triggered by bringing the action, not by continuing it); *Vidal v. Annucci,* No. 919CV0429GLSDJS, 2019 WL 13465758, at *10 (N.D.N.Y Nov. 13, 2019) (holding that the court has no discretion to waive or reduce the filing fee as "the statute mandates that any prisoner proceeding in an action IFP ... pay the full filing fee"); *Morrison v. United States,* No. 3:05-cv-01387-AS, 2013 WL 12407195, at *1 (D. Or. Apr. 9, 2013) ("Plaintiff cites no authority and the Court could locate none for the proposition that the fee [may] be excused or otherwise set aside following the dismissal of the action.");

*Hennepin Cnty. Dist. Attorney's Off.,* 364 Fed. Appx. 301, 302 (8th Cir. 2010) ("[A]n appellate court has no authority to waive in forma pauperis fees."); *Shivers v. Phoenix Police Dept.,* No. CV 10-1175-PHX-GMS (JRI), 2010 WL 3613860, at *1 (D. Ariz. Sept. 8, 2010) ("Plaintiff became liable for the filing fee upon the filing of his Complaint in this case. ... The subsequent voluntary dismissal of this action does not absolve him of the obligation and § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay the filing fee in full."); *Malone v. Miller-Stout,* No. C08-5375BHS, 2008 WL 4154561, at *1 (W.D. Wash. Sept. 2, 2008) (holding that a prisoner is statutorily required to pay the fee and the plaintiff offers no authority to the contrary); *Goins v. Decaro,* 241 F.3d. 260, 261-62 (2d Cir. 2001) (finding that the statutory refusal to cancel the fee requirement serves the purpose of obliging prisoners to pause before filing a suit).

As indicated in the above cases, this Court lacks authority to waive or excuse the filing fee, because the statute requires the fee to be paid in full and provides no other options. Consequently, although the Court understands Plaintiff's desire to have the withdrawals from his account stopped, his request must be denied.

In his motion, Plaintiff relies on a West Virginia case and statute to support his arguments. However, this Court is a federal court governed by the laws and rules of the United States of America—not the State of West Virginia. Plaintiff chose to file his complaint in federal court instead of state court. Consequently, he is subject to the laws and rules of the federal court system. West Virginia law simply does not apply to this issue.

Moreover, even if West Virginia law did apply, the law cited by Plaintiff is misplaced. The case referenced by Plaintiff—*State v. Haught,* 371 S.E.2d 54 (1988)--addresses court-imposed fines, costs, and fees in a criminal action. The Supreme Court of

Appeals of West Virginia held in *Haught* that a trial court erred in "conditioning its recommendation for parole on the [defendant's] payment of costs, attorney's fees and statutory fines because the trial court failed to consider the appellant's ability to pay such." *Id.* at 57. Plaintiff in the instant action was not asked to pay any fees or costs associated with a criminal sentence. Similarly, West Virginia Code § 29-21-16 concerns West Virginia's Public Defender Services. The statute addresses when and how a defendant must repay the costs of representation by a state public defender. Plaintiff herein was not asked to pay lawyer's fees or costs. Although Plaintiff was incarcerated at the time he filed his lawsuit in this Court, the lawsuit was a *civil* action, not a criminal one. Therefore, the case law and statutory provisions cited by Plaintiff simply do not apply. Accordingly, for the above reasons, the motion is denied. It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** July 9, 2024

Cheryl A. Eifert
United States Magistrate Judge

4